## Francis, Appellant, *v.* Neville Township.

Argued September 29, 1952. Before STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Robert Engel,* for appellant.

*Emil R. Pecori,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, December 6, 1952:

On January 2, 1952, the plaintiff in this case, Cledwyn D. Francis, after 28 years of faithful service in varying capacities to the Township of Neville, retired from his then position of township secretary with the assurance given him by a friendly and not unappreciative group of employers, the township commissioners, that he would receive a pension in the sum of $170 per month so long as he should live. This assurance was conveyed through the passage of Ordinance No. 361.

The succeeding board of commissioners, perhaps not as friendly to the plaintiff as its predecessor, enacted on February 8, 1952, another ordinance (No. 388) repealing Ordinance No. 361. When the township treasurer, Donald S. Ferguson, refused, because of Ordinance No. 388, to make out checks to the plaintiff which he claimed under Ordinance No. 361, the plaintiff filed a complaint in mandamus to compel John Barna, Jr., Secretary of the Township, and the above mentioned Ferguson to make out, respectively, the vouchers and checks which would give to the plaintiff his pension.

On preliminary exceptions filed by the defendants, the matter came on for argument before the Court of

Common Pleas in Allegheny County which sustained the objections and dismissed the complaint. The plaintiff appealed.

In his brief before this Court, counsel for the defendants asks us to declare unconstitutional the enabling Act, under whose presumed authority Ordinance No. 361 was passed, but before questioning the broad river of constitutional authority from which the General Assembly derives its power, it is important that we study the small stream from which the plaintiff intends to draw the benefits he claims due him.

Section 605 of the Act of May 27, 1949, P. L. 1955, under Section 18, p. 1981, provides: "A township may, by ordinance, provide as compensation to employes, of not less than ten years of satisfactory service who are not less than sixty years of age a proportion of the compensation last paid to them but not in excess of fifty per centum thereof, as fixed in said ordinance or amendment thereto. . . . The intent and purpose of this section is to permit townships, without levying any special tax or exceeding the existing tax limitation for general revenue purposes, to pay to their employes who are too old to advantageously join any pensioning or retirement system a reasonable annuity in lieu of joining a pension or retirement system, and who are not and cannot now be socially protected by any Federal social security system."

Ordinance 361 offends against this statute because it does not make provisions for *employes,* but for one *employe.* It does not provide for setting up a pension system for a class of public employes, but for the payment of moneys to one individual specifically and particularly mentioned in the resolution. This, of course, cannot be done.

Ordinance 361 offends against Section 7 of Article IX of the Constitution which declares: "The General

Assembly shall not authorize any county, city, borough, township or incorporated district to . . . appropriate money . . . to . . . any . . . individual." Since the Legislature may not authorize such a procedure, it naturally follows that a township board of commissioners may not do it on its own.

Other pertinent provisions of the State Constitution are the following:

Article III, Section 7: "The General Assembly shall not pass any local or special law . . . granting to any . . . individual any special or exclusive privilege or immunity . . ."

Article III, Section 11: "No bill shall be passed giving any extra compensation to any public officer, servant, employe, agent or contractor, after services shall have been rendered or contract made."

Article III, Section 18: "No appropriations, except for pensions or gratuities for military services, shall be made for charitable, educational or benevolent purposes, to any person or community . . ."

Knowing the evils inherent in individual power and authority, the framers of all written democratic constitutions aim at prohibiting grants, monetary and otherwise, to single persons. Unbridled financial chaos would result if municipal bodies were permitted to monetarily reward specific individuals, no matter how praiseworthy their services and how profound their devotion to the welfare of the particular township, board or city.

The appellant cites the case of *Haldeman v. Hillegass,* 335 Pa. 375, in support of his claim but that decision is not applicable because it had to do with the interpretation of "a retirement system for county *employes* and *officers."* In that case, also, the appellant had made one payment into the retirement fund before

he retired, whereas here the appellant had made no such payment.

The appellant contends that No. 388 cannot repeal No. 361 insofar as he is concerned, because he had in the meantime acquired a vested right. But there can be no vested right founded on an ordinance which has no constitutional authority.

In view of the fact that pension systems are now common to practically all employments, both governmental and private, the township authorities might well have found a plan under the law to compensate Cledwyn D. Francis and others in his classification for long and faithful services. It seems scarcely consonant with justice that a man should devote the better part of his productive years to one employer and then find, when he is beyond the age to advantageously join any pensioning or retirement system, that he is to be deprived of a pension because he has not made one payment which he was prevented from making, only because the employer was not as considerate of his future as the employe has been devoted to the interests of his employer. The fact that the employer is a municipality only aggravates rather than minimizes the social injustice.

An appellate court, however, can only pass upon the legal question involved in any case which comes before it, and we are constrained, for the reasons given, to decide that Ordinance No. 361 is void and ineffective.

The order sustaining the defendants' preliminary objections and dismissing the plaintiff's complaint is hereby affirmed.