## Appeal from Auditors' Report of
## New Sewickley Township

*Robert E. Kunselman,* for supervisors.
*Lauson Cashdollar* and *Wayne S. Luce,* for auditors.

KLEIN, J., June 25, 1974.—We have before us an appeal from the Annual Audit and Financial Report for New Sewickley Township for the year 1973 filed

by the township auditors. Said report indicates a settlement balance due from the three supervisors in a total amount of $604.80. The report provides for a surcharge in said amount against the supervisors and instructs the clerk of courts to enter judgment against the supervisors and in favor of the township. The surcharge represents moneys paid to the secretary-treasurer which, it is alleged, was unauthorized. The $604.80 consists of two items: $150 in alleged over-payment of authorized salary; and $454.80 in 12 equal payments of $37.90, paid in lieu of the secretary-treasurer's participation in a group insurance plan. The supervisors have appealed.

From the pleadings and the evidence, we make the following

## FINDINGS OF FACT

1. Lloyd Brenner, Albert Maier and Kenneth Ruckert are all residents of the Township of New Sewickley, Beaver County, Pa., and were the duly elected and qualified supervisors for said township during the year 1973.

2. Florence Nolder was duly appointed secretary-treasurer for 1973 at the organization meeting held on January 2, 1973, her salary set at $300 and she was to receive, "All benefits extended to other employees."

3. During the budget discussions prior to adoption of the budget for 1973, Mrs. Nolder requested an increase in salary; the supervisors responded that an increase would be granted if the ensuing auditor's report indicated that the books kept by Mrs. Nolder were in good order.

4. The auditor's report was completed on March 31, 1974, and the indication was that the books were in good order.

5. At a regular meeting held on April 5, 1973, the supervisors unanimously approved a motion "that Secretary's salary be increased to $350.00 a month."

6. At the same meeting, a motion was unanimously approved "authorizing payment of bills and payroll in the amount of $10,924.11. See attached list."

7. Said attached list included as an item, check no. 137 to Florence Nolder, as "Sec.-Treas.," for $349.93 net take home pay.

8. During the course of said meeting, each check with attached voucher was presented to each of the three supervisors for examination, approval and signature as comaker of the check.

9. The voucher attached to said check no. 137, contains the following:

| "Sec-Treas. | Gross Amount | Net Amount |
| Retroactive Jan. 1 | $450.00 | $349.93" |

10. The supervisors intended to include "retroactive to January 1" in their motion increasing the secretary-treasurer's salary to $350 per month but neglected to do so by oversight.

11. The salary increase was made "retroactive" to January 1, 1974, by the signing of check no. 137 with voucher attached, as aforesaid.

12. Prior to 1973, the Township Board of Supervisors approved a plan of group hospitalization insurance for township employes and agreed that the township pay the premiums therefor, although the same is not recorded in the minutes.

13. Mrs. Nolder was covered by a similar plan by virtue of her husband's former employment.

14. Mr. Nolder, a retired employe of a local firm, had deducted from his pension check the sum of $37.90 as payment of the premium for said coverage.

15. The cost to New Sewickley Township for sim-

ilar coverage for its employes was approximately $49 per month per employe with spouse.

16. Mr. and Mrs. Nolder, wisely, were unwilling to forego Mr. Nolder's self-paid plan for Mrs. Nolder's employer-paid plan for the reason that, in the event that Mrs. Nolder's employment with the township was terminated, replacement coverage might not be available to them.

17. The township agreed with Mrs. Nolder that in lieu of her participation in the township's plan, at a cost of $49 per month to the township, Mrs. Nolder would receive $37.90 per month as reimbursement for the premium paid by Mr. Nolder, although the same is not recorded in the minutes. The carrier for both the township and Mr. Nolder's coverage was Blue Cross.

18. Each of the 12 monthly checks were duly approved by the supervisors in the manner set forth in paragraphs 8 and 9, above.

19. Each of said 12 checks contains the item designation of "Employee Insurance," and each was duly examined, approved and check signed by all three supervisors.

20. The Township of New Sewickley has suffered no financial loss by reason of the agreement set forth in paragraph 18, above.

## DISCUSSION

The Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §65101, et seq., authorizes a board of supervisors to (1) appoint a secretary-treasurer, 53 PS §65511; (2) determine the compensation to be paid a treasurer, 53 PS §65531; (3) fix the compensation to be paid to a secretary, which may consist of salary, wages *or other compensation*, all

within certain limitations, not here in issue, 65 PS §65540; (4) "to make contracts of insurance with any insurance company [etc., but not including making a contract with an individual] . . . insuring its employes, and/or their dependants . . . under a policy or policies of group insurance covering . . . hospitalization, medical service": 53 PS §65713;

And

"Each township shall have the power to make, to authorize, *and to ratify,* expenditures for lawful purposes from funds available therefor, . . . those involving any policies of insurance . . . those involving personal or professional services": 53 PS §65802. (Italics supplied.)

There is no question that paying compensation to a secretary-treasurer by wages, salaries or other compensation is lawful; likewise, as to payment of premiums for hospitalization insurance coverage for employes, their dependents (or any class or classes thereof)—to an insurance company.

The auditors urge that the salary increase violates Article III, sec. 26 of the Commonwealth Constitution and cite the case of Francis v. Neville Township, 372 Pa. 77 (1952), as authority therefor. They are in error on all points.

Said constitutional prohibition applies only to acts of the legislature and not to action by any municipal or local authority: Creitz v. Palmerton, 23 D. & C. 2d 529 (1960), and the appellate court cases cited therein. Further, the herein salary increase was not truly retroactive. It was granted prior to January 1, 1974, to be effective the first of January, subject only to a condition subsequent (books in good order).

"While the best evidence of the official act of a board of supervisors is the minutes . . . , the minutes are not

the only evidence . . . and their acts may be proved by parol": 37 P.L.Encyc. §26.186.

Still further, the Francis case, supra, does not stand for the proposition cited. The *sole* holding of the Francis case is that a township, by ordinance, may not provide for a pension to one named individual while not setting up a pension system for a class of employes, as being violative of what was Article IX, sec. 7 of the Pennsylvania Constitution, now repealed, and being currently part of Article IX, sec. 9. Article IX deals with local government and Article III deals with [State] legislation. It is perfectly clear that the late Mr. Justice Musmanno cited the Article III provisions by way of illustration concerning the subject matter and, therefore, it does not so much as rise to obiter dicta.

There can be no possible basis for surcharge for the herein salary increase made "retroactive" to January 1st.

It may be argued that the insurance premium cost paid to Mrs. Nolder resulted from a contract made with an individual, not authorized, rather than with an insurance company, which is authorized. However, to pay heed to such an argument would be to pay homage to form rather than substance. The surcharge against a public official is too serious a matter to permit such a fiction to prevail.

Separating the wheat from the chaff, what we have here is an indirect payment to Blue Cross for the same lawful purpose, except *at a savings to the township* of approximately $11 per month, in lieu of a direct payment. Further, a secretary may be paid "compensation" other than wages or salaries, supra.

The statute, 53 PS §65545, provides:

"[A]nd the surcharge of any such officer shall take

into consideration *as its basis,* the results of such act, error or omnission [$37.90 per month] and the results had the procedure been strictly according to law [$49.00 per month]." See also In re Bensalem Township Auditors' Report, 7 Bucks 237 (1958). (Italics supplied.)

In any event, there was no financial loss to the township: Davis v. Carbon County, 369 Pa. 322 (1952).

## CONCLUSIONS OF LAW

1. Payment of the increased salary of $50 per month "retroactively" for three months, to the secretary-treasurer, was lawful.

2. The 12 monthly payments of $37.90 each for employe insurance to the secretary-treasurer was lawful in these circumstances.

3. There was no financial loss to the township by reason of said insurance premium payments.

For these reasons, we make the following

## ORDER

And now, June 25, 1974, it is ordered, adjudged and decreed that the appeal of Lloyd Brenner, Albert Maier and Kenneth Ruckert, supervisors, from the Annual Audit and Financial Report for the year 1973 by the auditors of New Sewickley Township, be, and it is hereby, sustained; said supervisors are excused from paying the surcharge set forth in said report; and the clerk of courts is directed *not* to enter judgment against said supervisors.