Township of Ross *v.* Harry E. McDonald, Ralph Anderson and Paul W. Brandt.

Paul W. Brandt, Appellant.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL. Reargued May 5, 1981, before President Judge CRUMLISH and Judges MENCER, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO. Judge ROGERS did not participate.

*Richard D. Klaber, Dickie, McCamey & Chilcote,* for appellant, Paul W. Brandt.

*Fred E. Baxter, Jr.,* for appellant, Harry E. Mc-Donald.

*Michael A. Donadee,* for appellant, Ethel Anderson, widow of Ralph Anderson.

*John M. Means, Markel, Schafer & Means,* for appellee.

OPINION BY JUDGE CRAIG, July 1, 1981:

Paul W. Brandt, Esquire, a former solicitor of the Township of Ross, Allegheny County, has appealed from an order of the Court of Common Pleas of Allegheny County entered in a declaratory judgment action brought by the township against the former solicitor and two former township commissioners. The action sought determination of the legality of the pension plan coverage which the township board of commissioners, as governing body, had adopted with respect to the appointed solicitor and the elected commissioners. The common pleas court found the coverage to be unlawful. We here decide the appeal of the solicitor; the appeal on behalf of the commissioners is decided separately.

Although the township instituted the action (after a taxpayers' equity suit raising the same issue had been dismissed for insufficient service), this case has not proceeded in the usual adversary vein; because

the township initially filed no brief with us, we found it necessary to request reargument, upon which the township filed a brief and appeared for oral argument.

The facts are undisputed, within the limits of such record as the parties have developed. The township commissioners, as governing body, by resolution of November 11, 1957 adopted a pension plan agreement covering "all permanent employees presently on the payroll of the township," along with future employees, defining "employee" as follows:

> Any person who is a full time employee of the township of Ross and who is compensated therefor on the basis of an hourly, weekly, biweekly, semi-monthly, monthly or annual compensation. Elected officials are not eligible to participate in the plan.

Although the original plan did not exclude the solicitor expressly, as it did the elected officials, the solicitor initially was *not* covered, a point confirmed by examination of later amendments.

The first amendment of the plan, effective January 1, 1961, deleted the provision making elected officials ineligible, and added:

> All elected officials of the township of Ross, and the township solicitor, shall be eligible to participate in the plan, as of January 1, 1961.

Additional terms of the amendment established the eligibility conditions and benefits for the elected officials and township solicitor. Those terms were further amended in 1962 and 1963.

An amendment of July 1, 1966 reiterated reference to the elected officials and the township solicitor, restating the phrase as "Elected Commissioners and appointed Solicitor." Another provision of that 1966 amendment, relating to mandatory retirement date, stated:

This provision shall not apply to elected Commissioners, Solicitor, Township Secretary and Manager, Building and Plumbing Inspectors.

The next amendment, June 6, 1967, also dealing with retirement date, made reference to

any full time employee, including elected Commissioners and appointed Solicitor, Township Secretary and Manager, Building and Plumbing Inspectors. . . .

Additional amendments in 1967 and 1969 revised pension terms with respect to the elected officials and solicitor, but in respects not affecting the issues here. By amendment of February 22, 1971, the elected officials and the appointed solicitor were deleted from the plan, but without divesting any rights or benefits then accrued. Admitted averments of the pleadings confirm that the appellant solicitor had qualified for a pension before the deletion amendment, and, being retired, had received pension payments until the township withheld them pending determination of legality.

The central issue in this particular case is whether the township commissioners had the power to enact pension plan coverage for a township solicitor, a question which depends upon whether such an appointed official is to be considered one of the "employes" within the meaning of Section 1502, cl. XXIII, of The First Class Township Code (Code),[1] which authorizes such townships to provide "for the pensioning of . . . employes." Also pertinent is Section 605 of the Code, granting power to provide annuities, in lieu of pension systems, for "employes."

The common pleas court, in addition to holding that the township commissioners could not adopt a pension plan to cover themselves, held in a footnote, without citation of authority, that the solicitor is not

[1] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56523.

an employee but is rather an independent contractor and is also an "official."

Although we held in the companion case that pension coverage for the elected commissioners was invalid, it is clear that their legal disability to enact pension coverage for "any elected officer" does not invalidate pension coverage adopted for appointees.[2] Thus, a pension can be provided for a solicitor, if a solicitor can be validly treated as an "employe."

The common pleas court proceeded upon the implicit premise that the solicitor had been an independent contractor, but the record nowhere discloses that the relationship was or remained in independent contractor form. At argument, counsel advised that the solicitor was on the payroll for the purpose of social security tax withholding.

Regardless of the form of the relationship, there is no doubt that the solicitor is an officer of the township. *Snyderwine v. Craley*, 434 Pa. 349, 254 A.2d 16 (1969). The common pleas court appeared to believe that the status of officer and the status of employee for pension plan purposes are mutually exclusive. Clearly, such is not the case. Many governmental officials, who clearly have officer status—such as mayors or state cabinet members or judges—also have the status of employee with respect to compensation.

The position of township secretary, which *Snyderwine* likewise mentioned as one conferring officer status, has been classed as an employee position for

---

[2] Our decision in the companion case, *Township of Ross v. McDonald*, 60 Pa. Commonwealth Ct. 306, A.2d (No. 2577 C.D. 1979, filed July 1, 1981) turns upon Section 603 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55603, restricting compensation increases of *elected* officers, but allowing "[a]ppointed officers and employes of the township" to "receive such compensation . . . as the township commissioners shall prescribe."

pension purposes in *Francis v. Neville Township,* 372 Pa. 77, 92 A.2d 892 (1952), where the Supreme Court treated the township secretary as falling within the language of Section 605 of the Code. Similarly, the Superior Court, in *Kelly v. Loveland,* 141 Pa. Superior Ct. 455, 15 A.2d 411 (1940) held that a city treasurer, under a different municipal law, could be considered as an "employee" for city pension purposes.

Thus it appears that our courts have interpreted the word "employee" for pension coverage purposes in a broad sense embracing all persons, including public officers, who work for, and are compensated by, municipal government.

The only question remaining is the further one suggested by the holding in *Francis v. Neville Township,* in which the decision struck down the coverage solely because the township secretary had been singled out for that purpose, there being no pension plan covering employees as a class. In view of the non-adversarial atmosphere of this proceeding, we cannot consider *Francis v. Neville Township* to be determinative unless all of the criteria established by that case are met.

However, our scrutiny of the amendments of the pension plan of Ross Township indicates clearly that the other officers of the township, the secretary and manager, were covered from the outset in 1957. That conclusion is supported by the reference to coverage of them in the 1966 and 1967 amendments, coupled with the fact that no earlier amendment added them, thus evidencing that they were within the group originally covered as full time employees of the township, receiving compensation on the basis of regular pay periods.

Therefore, the record demonstrates that the solicitor was not singled out as the only appointed officer

to be covered, in that, when his position was given pension coverage in 1961, the effect was to add the solicitor to the class of township officer positions, consisting of the secretary and manager at least, already covered.

We hence decide that the common pleas court should have declared pension coverage valid with respect to the solicitor.

### ORDER

Now, July 1, 1981, the June 6, 1979 order of the Court of Common Pleas of Allegheny County at No. G.D. 78-17022, and the November 21, 1979 order dismissing exceptions filed thereto, are reversed insofar as those orders would negate the legality of the Township of Ross making payments to Paul W. Brandt, Esquire under the terms of its pension agreement and resolutions.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

As noted in the majority opinion, *Francis v. Neville Township*, 372 Pa. 77, 92 A.2d 892 (1952) struck down a township ordinance which provided a pension plan for the township secretary because the plan did not provide for a class of public employees but rather for one individual specifically and particularly mentioned. I believe that when Ross Township singled out its township solicitor among all of its appointed officials to be included in the amendment of 1961 it violated the holding of *Francis*. Although other appointed officials may have been covered in this township plan *as full-time employees,* the solicitor was given pension privileges *as solicitor.* No other appointed officials were included in the amendment of 1961. There may or may not have been other appointed officials in Ross Township in 1961

who were not full-time employees. There is nothing in the record with respect to that matter. The fact remains that the solicitor was the only appointed official added to the pension plan by the 1961 amendment and I think that this was clearly in violation of the decision in *Francis*.

Furthermore, I disagree with the majority's conclusion that the solicitor is an employee within the meaning of the township's pension plan or The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55101 *et seq.* Looking first at the pension plan agreement, it will be observed that it defines an "employee" as a person "who is a *full time employee* of the township of Ross." (Emphasis added.) Accepting the majority's conclusion that this definition includes other township officers, such as the secretary and township manager, it is clear from the township's action in amending its plan to *specifically* grant pension privileges to the solicitor in 1961 that he was *not* considered by the township to be an "employee" as defined by the plan. Even if the solicitor may be considered an "employee" within the meaning of the *Code*, as the majority finds, I would hold that the township's definition of that term would control. Therefore, in my view, when the township adopted the amendment which added the solicitor to the plan it actually added a new classification different from that of "full time employee." Thus it would seem to follow that the solicitor in the instant case was not an employee under the terms of the township's plan nor under the provisions of the Code.

I must finally note my dissent from the majority's conclusion that because the solicitor is an officer of the township, he is perforce an employee within the meaning of the Code. The cases relied upon by the majority to support that conclusion involved *full-time*

officers. *See Francis* and *Kelly v. Loveland,* 141 Pa. Superior Ct. 455, 15 A.2d 411 (1940). Rather, I would suggest that whether a particular person is a township employee for pension plan purposes depends upon the definition of the term employee in the township plan and the terms of employment of that person. Since there is no evidence in the case sub judice that the solicitor here was a full-time officer and there is no indication in the cases cited that less than full-time workers may be considered employees for pension purposes under the Code, I do not view those cases as controlling. I cannot agree, based upon the record before us and the available case authority, that the solicitor's employee status for pension plan purposes has been established thereby.

Accordingly, I would affirm the order of the Court of Common Pleas of Allegheny County.

Judge PALLADINO joins in this dissent.

Judge MENCER joins in this dissent.