505 A.2d 1116

Township of Tinicum, Appellant *v.* Walter Fife, Michael Burns and Ralph Slatten, Individually and on behalf of the Police Department of the Township of Tinicum, Appellees.

In the Matter of Arbitration Between the Township of Tinicum Police and the Township of Tinicum. Township of Tinicum, Appellant *v.* Township of Tinicum Police, Appellee.

Argued December 12, 1985, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Robert Pappano, Pappano, Buckler & Breslin,* for appellant.

*Leonard V. Tenaglia, Richard DiSanti, Hamilton, Gallagher & Paul,* for appellees.

OPINION BY JUDGE CRAIG, March 10, 1986:

The Township of Tinicum, a first class township, appeals from an order of the Court of Common Pleas of Delaware County requiring the township to provide medical insurance benefits to all police officers in active service as of November 6, 1980, the date the police officers filed a declaratory judgment action, and providing that such benefits shall be retroactive to January 1, 1979, the first day covered by a 1979-80 arbitration award. We affirm.

The relevant facts are not in dispute; the parties stipulated to them in the proceeding before the trial court. On November 24, 1969, a board of arbitrators, appointed pursuant to the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1-217.27 (Act 111), issued an award for the contract year 1970, directing the township to provide ''each police officer and his family upon his retirement, or disability, with the same Blue Cross and Blue Shield benefits as he now has.'' The township did not appeal from this award. Thereafter, the township and the police collective bargaining representatives executed three successive collective bargaining agreements, for the years 1971-72, 1973-74, and 1975-77.[1] None of these agreements contained a provision specifically relating to the medical insurance benefits for retired or disabled officers provided in the 1970 award. However, all three agreements contained an ''Other Benefits'' clause which read ''[a]ll other benefits shall remain 'as is' ''.

---

[1] These three agreements were executed pursuant to negotiations.

The township provided medical insurance benefits to its retired officers until January 4, 1977, when it informed three retired officers who had retired after the issuance of the November 24, 1969 arbitration award, that it was discontinuing their medical insurance benefits because Section 1502 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56563, prohibited the township from providing such benefits to retired officers.

Thereafter, the township and the police representative executed successive collective bargaining agreements for the years 1978 and 1979-80.[2] These agreements again did not contain a specific medical insurance benefit provision for retired and disabled officers, but they did contain an "Other Benefits" clause similar to the earlier agreements.[3]

On November 6, 1980, three officers, on behalf of members of the township police department active as of November 6, 1980, filed with the trial court the declaratory judgment action on appeal here, seeking to enforce a 1979 arbitration award which had allegedly incorporated the 1969 award. While that declaratory judgment action was pending, a board of arbitrators issued an award, pursuant to Act 111, for the contract years 1981-82, directing the township as follows:

Other Benefits—It is recognized that the terms and conditions of employment as set forth in prior contracts or arbitration awards and the benefits previously enjoyed or awarded as of the date of this award have not been specifically reduced to writing in this award, therefore, all of the terms, conditions and benefits

[2] The collective bargaining agreement for the year 1978 was executed as a result of a settlement and the agreement for the years 1979-80 was pursuant to an arbitration award.

[3] The "Other Benefits" clause read as follows: "All other benefits previously awarded or enjoyed shall remain 'as is' ".

of employment as previously enjoyed, awarded or negotiated by the parties which are not changed or specifically repealed by this award shall continue in accordance with the past practice.

The township filed a petition for review with the trial court challenging the above-quoted medical insurance benefits award, stating that it incorporated the 1969 award directing the township to provide medical insurance benefits to retired officers, and alleging that such a benefit was illegal under the First Class Township Code.

The trial court consolidated the declaratory judgment action and the petition for review. The court held that the township was not prohibited by the Pennsylvania Constitution or The First Class Township Code from providing medical insurance benefits to retired officers, that the later award clearly did incorporate the 1969 award of medical benefits, and that declaratory judgment was a proper action for relief. The court ordered the township to provide medical insurance benefits to all police officers actually retired before August 28, 1981. The township filed exceptions to the lower court's decree nisi. The court dismissed most of the township's exceptions, but modified its decree to cover only the officers who were active as of November 6, 1980 because officers retired before that date were not parties to the declaratory judgment case. This appeal followed.[4]

Here the township raises the same issues as it did before the trial court. At the outset, we agree with the township that the courts will not enforce an illegal provision of an arbitration award.[5]

---

[4] The appellees filed with this court a motion for consolidation which was granted.

[5] *Chirico v. Board of Supervisors for Newton Township*, 504 Pa. 71, 470 A.2d 470 (1983).

## Propriety of Declaratory Judgement Action

The township contends that the trial court lacked jurisdiction to entertain the declaratory judgment action because the suit allegedly involved speculative future rights. A court has power to render declaratory relief if a judgment or decree will terminate the controversy or remove an uncertainty. Declaratory Judgments Act, in the Judicial Code, 42 Pa. C. S. §§7532, 7536. A controversy exists when opposing claims are present and indicative of imminent litigation. *Cryan's Estate*, 301 Pa. 386, 152 A. 675 (1930).

Clearly, a controversy existed in this case. At the time the declaratory judgment action was filed, the township had terminated three retired officers' benefits. Another officer was eligible to retire, but he did not retire because his medical insurance benefits would have been discontinued and the controversial "as is" clause was retained in subsequent agreements and awards. The courts construe the Declaratory Judgments Act liberally to afford relief from uncertainty. 42 Pa. C. S. §7541(a). No action shall be open to objection on the ground that a declaratory judgment is sought. 42 Pa. C. S. §7532. We hold that a declaratory judgment action was proper.

## Legality of Medical Insurance Benefits Awards

The pivotal issue is whether the township is prohibited by the Pennsylvania Constitution or The First Class Township Code from obeying arbitration awards which provide medical insurance benefits to retired officers.

The Pennsylvania Constitution Article III, Section 26 provides:

No bill shall be passed giving any extra compensation to any public officer, servant, employe, agent or contractor, after services shall

have been rendered or contract made, nor providing for the payment of any claim against the Commonwealth without previous authority of law; Provided, however, That nothing in this Constitution shall be construed to prohibit the General Assembly from authorizing the increase of retirement allowances or pensions of members of a retirement or pension system now in effect or hereafter legally constituted by the Commonwealth, its political subdivisions, agencies or instrumentalities, after the termination of the services of said member.[6]

The township contends that this section prohibits the payment of health and life insurance for retired public employees in any form. This contention is erroneous. In Pennsylvania, the nature of retirement provisions for public employees is that of deferred compensation for services actually rendered in the past, thus reflecting contractual rights. *Commonwealth ex rel. Zimmerman v. Officers and Employees Retirement Board*, 503 Pa. 219, 469 A.2d 141 (1983). *Wright v. Allegheny County Retirement Board*, 390 Pa. 75, 134 A.2d 231 (1957). Our Supreme Court in *Firemen's Relief Association of Washington v. Minehart*, 430 Pa. 66, 241 A.2d 745 (1968), defined "pension" as a bounty for past services, designed to provide the recipient with his daily wants. The medical insurance benefit in issue here is a constitutional method of payment.[7]

---

[6] Although Article III, Section 26 refers to a "bill", the arbitration award is rendered pursuant to Act 111, a direct legislative mandate providing binding arbitration for policemen employed by a state governmental entity.

[7] The Attorney General in addressing the question of whether awarding medical benefits to the dependent of a deceased state police officer violated the Pennsylvania Constitution Article III, Section 26 ruled that the benefits are legal, reasoning as follows:

Section 1502 (LXIII) of The First Class Township Code provides in pertinent part:

> . . . to make contracts of insurance with any insurance company, or nonprofit hospitalization corporation, or nonprofit medical service corporation, authorized to transact business within the Commonwealth, insuring its employes, or any class or classes thereof, or their dependents, under a policy or policies of group insurance covering life, health, hospitalization, medical and surgical service, or accident insurance, and may *contract with any such company, granting annuities or pensions, or the pensioning of such employes, or any class or classes thereof,* and for such purposes, may

---

The crux issue is at what point is the compensation awarded or given. If we view the compensation as being awarded or given at the point where the medical benefits are actually paid out to the surviving dependents, then Section 26 is violated because no employment relationship exists at this point. Thus, payment of the benefit would be necessarily on account of services already rendered and an employment status which no longer exists. However, we believe the better view is that compensation is not awarded at the point when it is actually paid out of the State Treasury but that the crucial time for determination under Article III, §26 is July 1, 1978, the date the award becomes effective. It is at this point where the right of the policeman to receive the benefit, which is the knowledge that his dependents' medical expenses will be paid after his work-related death, is established. To put it another way, on July 1, 1978, a State Policeman has a vested right that requires the continuation of his medical benefits for his dependents after his work-related death. Thus, the benefit is not given after the services are rendered, but in conjunction with or preceding the completion of services upon which the benefit is based, as is the case of insurance or retirement benefits which flow to the beneficiaries of deceased employees.

24 Op. Att'y Gen. 2 (1978).

agree to pay part of all of the premiums or charges for carrying such contracts, premiums, or charges or portions thereof. . . . (Emphasis added.)

The township contends that retired officers are not "employes" within the meaning of the statute.

Our recent decision in *In re: Appeal of Upper Providence Police Delaware County Lodge #27 Fraternal Order of Police from Award of Arbitrators,* 93 Pa. Commonwealth Ct. 272, 502 A.2d 263 (1985), upholding hospital and medical benefits for retired police officers, is not applicable here because this township is not a home rule charter municipality.

Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921, requires us to construe a statute consistent with the manifest intent of the legislature. To construe the statute to mean that "employes, or any class or classes thereof" does not include retired officers, as the township argues, would also prohibit the township from contracting for annuities or pensions for its employees, but the statute explicitly authorizes such actions. The legislature did not intend such an absurd result. The reasonable interpretation, consistent with the intent of the legislature, is that "employe or any class or classes thereof" includes retired employees.

### The Township's Contractual Claims

Further, the township argues that it effectively terminated the medical insurance benefits on January 4, 1977, when it notified the three retired officers that their benefits were discontinued. The basis for its argument is that because the benefits were terminated, the "as is" clauses in the contracts and awards after January 4, 1977 cannot be interpreted to refer to the 1970 award. The township's repudiation of its own contractual commitments is self-serving and not

acceptable. The goal of a court in interpreting a contract is to discern the objective manifestation of the parties. *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001 (3d Cir. 1980). Where, as here, the language of a contract is clear and unequivocal, its meaning must be determined by the contract alone. *East Crossroads Center, Inc. v. Mellon-Stuart Company*, 416 Pa. 229, 205 A.2d 865 (1965). The contractual terms, "all other benefits previously awarded", as used in everyday speech, clearly refer to the medical benefits.

In addition, because the township, in those later collective bargaining agreements, contractually adopted the medical insurance benefits, the township is estopped from subsequently repudiating them, according to the Pennsylvania Supreme Court's decision in *Grottenthaler v. Pennsylvania State Police*, 488 Pa. 19, 410 A.2d 806 (1980), stating:

> The problem presented in this appeal is analogous to that faced in Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh (Joint Bargaining), 481 Pa. 66, 391 A.2d 1318 (1978). In Joint Bargaining, we held that a municipality could not avoid the effect of a term of the collective bargaining agreement it had entered into, by asserting that the contract provision was in violation of State law. In reaching the result, after stressing the importance of the development and maintenance of harmonious relationships between the public employer, and employee, we observed:
> To permit an employer to enter into agreements and include terms . . . which raise the expectations of those concerned, and then to subsequently refuse to abide by those provisions on the basis of its lack of capacity would invite discord and distrust and create an atmosphere

where in a harmonious relationship would virtually be impossible to maintain.

Good faith bargaining would require that questions as to the legality of the proposed terms of a collective bargaining agreement should be resolved by the parties to the agreement at the bargaining stage. (Footnote omitted.) Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh, supra at 481 Pa. 74-75, 391 A.2d 1322-23. See also Ambridge Borough Water Authority v. Columbia, 458 Pa. 546, 328 A.2d 498 (1974).

*Grottenthaler*, 488 Pa. at 25-26, 410 A.2d at 809. To permit the township to ignore contract provisions, in numerous successive bargaining agreements, would be manifestly unfair.

The foregoing estoppel principle applies only to that aspect of the township's obligation which is grounded upon its *contracts*. Clearly, the township was not estopped from raising its issue as to the legality of the *award*—the issue earlier analyzed in this opinion. As the Pennsylvania Supreme Court well stated in *Fraternal Order of Police v. Hickey*, 499 Pa. 194, 452 A.2d 1005 (1982)

The Commonwealth Court referred to the well recognized rule that arbitrators may not mandate that a governing body carry out an illegal act. Grottenthaler v. Pennsylvania State Police, supra; Washington Arbitration Case, 436 Pa. 168, 259 A.2d 437 (1969). However, as recognized in Grottenthaler, supra, a distinction must be drawn between situations where an arbitration panel attempts to mandate a governing body, over its objection, to carry out an illegal act and situations where the governmental unit employer attempts to belatedly avoid compliance with a term of a bargaining

agreement it voluntarily agreed to during the bargaining process and thereby secure an unfair advantage in the bargaining process. See also Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh.

499 Pa. at 199, 452 A.2d at 1008.

After consideration of all aspects, the trial court's order will be affirmed.

### ORDER

Now, March 10, 1986, the order of the Court of Common Pleas of Delaware County at 81-12440, dated January 15, 1985, is affirmed.