**Ronald DENBOW, Vernon S. Krayniewski and Andrew Pszenny, Police Wage and Policy Committee, Appellants,**

v.

**BOROUGH OF LEETSDALE.**

Commonwealth Court of Pennsylvania.

Argued June 2, 1997

Decided Aug. 20, 1997.

---

Ronald P. Koerner, Pittsburgh, for appellants.

Richard F. Start, Pittsburgh, for appellee.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

DOYLE, Judge.

Police Officers Ronald Denbow, Vernon Krayniewski and Andrew Pszenny, and the Police Wage and Policy Committee (collectively, the Police) appeal from an order entered in the Court of Common Pleas of Allegheny County that dismissed their motion for judgment n.o.v. For the following reasons, we affirm.

The record reveals the following undisputed facts. On December 30, 1991, the Borough of Leetsdale (Borough) and the Police Wage and Policy Committee entered into a three-year collective bargaining agreement (the CBA) which provided for the terms and conditions of employment for the Borough police officers for the years 1992, 1993 and 1994. The CBA had established the wage scale for the three years of the contract, but, on November 3, 1993, the day following the municipal elections, at which two incumbent councilmen were defeated for reelection, the Borough Council voted to "amend" the CBA by giving three police officers a substantial pay increase during 1994, the last year of the contract. On December 21, 1993, Council voted a pay increase for a fourth officer who was inadvertently omitted from the November 3, 1993 resolution.

The vote of Borough Council to grant the wage increases was 5 to 2 at both meetings, with the two defeated councilmen voting with the majority. Both resolutions of Council were unilateral actions taken by the outgoing Borough Council. After the newly elected councilmen were installed in January of 1994, the newly reorganized council met on January 20, 1994, and repudiated both resolutions of the previous council.

When the Borough refused to pay the salary increases, the Police filed an assumpsit action in the Court of Common Pleas and attached as exhibits to the Complaint two contracts dated November 15, 1993, and December 12, 1993, which purport to be the "addenda" to the three-year CBA providing for the salary increases.[1] On March 29,

---

1. The Borough argued in its Answer to the Complaint in assumpsit filed by the Police that the resolutions granting the wage increases were invalid because they were taken by a "lame duck"

1996, Common Pleas entered a verdict in favor of the Borough, concluding that the addenda were unconstitutional pursuant to Article 3, Section 26 of the Pennsylvania Constitution, which, in pertinent part, states the following:

> **§ 26. Extra compensation prohibited; claims against the Commonwealth; pensions**
>
> No bill shall be passed giving any **extra compensation** to any public officer, servant, employee, agent or contractor, after services shall have been rendered **or contract made**.... Provided, however, That nothing in this Constitution shall be construed to prohibit the General Assembly from authorizing the increase of a retirement or pension system now in effect or hereafter legally constituted by the Commonwealth, its political subdivisions, agencies or instrumentalities, after the termination of the services of said member. (Emphasis added.)[2]

Common Pleas concluded that the addenda provided "extra compensation" because the CBA between the Borough and the Police had already been agreed upon and executed and that the addenda were therefore unconstitutional pursuant to Article 3, Section 26.

■■■ On appeal,[3] the Police contend that Article 3, Section 26 applies only to actions of the Pennsylvania General Assembly and does not apply to the actions of local municipalities, and therefore, Common Pleas erred in concluding that the addenda were unconstitu-

tional. Additionally, the Police argue that, even if Article 3 does apply to the actions of local municipalities, Act 111[4] gives local municipalities the "authority under [Article 3,] Section 26 to grant extra compensation to police officers prior to the termination date of their employment contracts." (Appellants' Brief at 7.)

■■ The Police rely exclusively on *McKinley v. School District of Luzerne Township*, 383 Pa. 289, 118 A.2d 137 (1955), in arguing that Article 3, Section 26 does not apply to municipal actions. In *McKinley*, a school district increased the compensation of an elected tax collector after that tax collector's election. A group of taxpayers filed a complaint in equity requesting that the trial court nullify the action of the school district. The trial court entered a decree that declared the school district's action null and void because it was so excessive that it constituted a "clear abuse of discretion, ... [and was] an arbitrary and capricious action ... resulting in an unlawful expenditure of public funds." *Id.* at 293, 118 A.2d at 140.[5] On appeal, the Pennsylvania Supreme Court held that the decree of the Court of Common Pleas diminishing the compensation of the tax collector after he had been elected to a new four-year term did not violate Article 3, Section 27[6] of the Pennsylvania Constitution, which states the following:

> **§ 27. Changes in terms of office or salary prohibited**

---

council. Additionally, the Borough raised the defense of lack of consideration for the increased pay of the police officers. Common Pleas rejected both of these contentions. Because the Borough does not raise either argument in its brief to this Court, we will not address the merits of those defenses in this decision.

**2.** Amended November 8, 1955; renumbered from Article 3, Section 11 on May 16, 1967.

**3.** In reviewing the trial court's ruling on a motion for judgment n.o.v., we are limited to determining whether the trial court abused its discretion or committed an error of law. "Under the abuse of discretion standard of review, abuse of discretion may not be found merely because the appellate court might have reached a different conclusion; rather, it requires a showing of manifest unreasonableness or partiality, prejudice, bias or ill will or such lack of support as to be

clearly erroneous." *Marker v. Department of Transportation*, 677 A.2d 345, 347 (Pa.Cmwlth. 1996) (citation omitted).

**4.** Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–.10.

**5.** The trial court found that the compensation of the township tax collector was double that which was paid to the county commissioners, and even exceeded the salaries of the Fayette County Common Pleas Judges.

**6.** At the time of the *McKinley* decision, Section 27 was numbered as Section 13. The 1967 amendment to the Pennsylvania Constitution renumbered Article 3, Section 13 as Article 3, Section 27, and, as previously mentioned, it renumbered Article 3, Section 11 as Article 3, Section 26.

No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment.

The Court stated that this section of the Constitution applies only to a "law," "which means an act of the legislature, and not to action by any municipal or local authority." *Id.* at 292, 118 A.2d at 139.

Although *McKinley* involved Section 27 and **not** Section 26, the Police contend that, pursuant to the Supreme Court's decision in *Retirement Board of Allegheny County v. McGovern*, 316 Pa. 161, 174 A. 400 (1934), the language in *McKinley* regarding the inapplicability of Article 3, Section 27 to local municipal ordinances or resolutions should be followed in this present appeal. The Police rely on dicta of the *McGovern* Court where the Court stated that Section 26 "should be read in connection with sections [27] and [29] of the same Article." *Id.* at 168, 174 A. at 404. The Supreme Court made this statement while addressing constitutional challenges to the Retirement Act for employees of counties of the second class, yet provided no further explanation regarding why the principle of *in pari materia* applies to Sections 26 and 27. The Court held that payments of retirement benefits were part of the employees' salaries and were not, therefore, "extra compensation" for past services rendered, which is prohibited under Section 26.

Because the above statement in *McGovern* is merely *obiter dictum*, it is, of course, not binding; but beyond that, because the issue in *McKinley* involved Section 27 and not Section 26, that case is not dispositive of this appeal. Furthermore, even if *McKinley* was relevant to the question presently before us, we would still find it inapplicable as the issue in that case is quite distinguishable from those presented in this case.

In *McKinley*, the appellant argued that the *order of the trial court*, not the action of the local municipality, had violated Article 3, Section 27 by decreeing null and void the school district's action that increased the compensation of the tax collector, thereby "diminishing" his compensation. The Supreme Court found that the trial court's decree did not violate Section 27 "since that provision applies only to a **law**." *Id.* at 289, 118 A.2d at 139 (emphasis in original). Because a court's decree is neither a "law," as in Section 27, nor a "bill," as in Section 26, the Supreme Court concluded that these sections are inapplicable to a court's action. But the essence of the Supreme Court's holding in *McKinley* is that a **trial court's decree** setting aside a school district's resolution to pay a tax collector exorbitant compensation does not violate the Constitution because such a decree diminished the tax collector's compensation after he was elected.

In contrast, the issue in this case is not whether an action by the trial court violated Section 26, but whether *the Borough* violated that section by passing resolutions which increased the compensation to police officers after the CBA had been entered into and was in effect. We recognize that municipalities pass resolutions or ordinances and not "bills"; however, we find this to be of no consequence. Indeed, our review of the relevant case law discloses that Article 3, Section 26 most assuredly applies to such actions taken by municipalities.

For instance, in *Francis v. Neville Township*, 372 Pa. 77, 92 A.2d 892 (1952), the township adopted a post-retirement ordinance that gave one individual, Cledwyn D. Francis, the township secretary, a pension "after 28 years of faithful service" to the Township of Neville. Subsequently, when a succeeding Board of Commissioners had been elected, another ordinance was enacted that repudiated the first ordinance. Upon a challenge by Mr. Francis, the Pennsylvania Supreme Court held that the first ordinance, which granted the pension, violated provisions of the Pennsylvania Constitution, formerly numbered as Article 3, Sections 7, 11 and 18, and Article 9, Section 7.[7] The Supreme Court set aside the pension ordinance because Article 9, Section 7 [8] "declares: 'The General Assembly shall not authorize any

7. As we previously noted, these sections were renumbered by the 1967 amendment to the Pennsylvania Constitution. Article 3, Section 26 was formerly Article 3, Section 11.

8. Article 9, Section 7 is now part of Article 9, Section 9.

... township to ... appropriate money ... to ... any ... individual[,]' [and][s]ince the Legislature may not authorize such a procedure, it naturally follows that a Township Board of Commissioners may not do it on its own." *Id.* at 80, 92 A.2d at 893. The Supreme Court then pointed out as relevant other constitutional provisions, including Article 3, Section 26.

Similarly, this Court has held that Article 3, Section 26 applies to actions by local municipalities. In *Township of Tinicum v. Fife,* 95 Pa.Cmwlth. 516, 505 A.2d 1116 (1986), *petition for allowance of appeal denied,* 518 Pa. 657, 544 A.2d 1344 (1988), we held that the township was not prohibited under Section 26 from obeying arbitration awards which provided medical benefits to retired police officers. In *Fife,* an arbitration award was issued in 1969 for the contract year 1970, directing the township to provide the police officers with medical benefits upon retirement. The 1969 award remained in force through the execution of three subsequent collective bargaining agreements between the township and the police. The township provided such benefits until 1977, when it informed three officers that it would no longer pay their medical benefits coverage because it was prohibited from doing so under Article 3, Section 26 of the Pennsylvania Constitution and Section 1502 of the First Class Township Code.[9]

The 1969 arbitration award was incorporated into the arbitration awards of 1979 and 1980. The police filed a declaratory judgment action in 1980, seeking to enforce the awards. This Court held that the awards did not violate Article 3, Section 26 because "the nature of retirement provisions for public employees is that of deferred compensation for services actually rendered in the past...." *Fife,* 505 A.2d at 1119. As such, we rejected the township's argument that the medical benefits upon retirement constituted "extra compensation" for services previously rendered, and, thus, the township was not prohibited by Section 26 from providing benefits pursuant to the arbitration awards. Such benefits were, of course, future benefits paid for present services rendered. Neither

the 1969, 1979, or 1980 awards, nor any of the intervening CBAs, provided for the payment of benefits to previously retired employees, *i.e.,* those who had already retired prior to the award.

Additionally, in *City of Reading v. Feltman,* 127 Pa.Cmwlth. 618, 562 A.2d 926 (1989), this Court applied Article 3, Section 26 to an ordinance passed by the City of Reading.

Thus, it is clear that the Supreme Court in *Neville Township,* as did this Court in *Fife* and *Feltman,* determined that the actions of local municipalities were subject to the provisions of Article 3, Section 26. Therefore, the argument of the Police, *i.e.,* that Common Pleas erred in concluding that the resolutions violated Section 26 because that section does not apply to actions by municipalities, must fail.

■ Likewise, we find no merit to the contention of the Police that, even if Section 26 applies to local municipalities, Act 111 gives municipalities the "authority ... to grant extra compensation to police officers prior to the termination date of their employment contracts." (Appellants' Brief at 7.)

■ The Police rely upon two Attorney General opinions in support of their proposition. Initially, we recognize that opinions by the Attorney General have persuasive value only and are not binding upon this Court. Furthermore, the opinions cited by the Police provide no support for their contention.

The Police first cite Attorney General Opinion No. 78–24 (1978) which involved the constitutionality of an arbitration award issued under Act 111 granting medical benefits to the dependents of State Police killed in the line of duty. The Attorney General opined that the award did not violate Article 3, Section 26 because it did not constitute "extra compensation." The opinion stated that if the compensation, *i.e.,* medical benefits, is viewed as being awarded at the time it is actually paid out, then Section 26 is violated because no employment relationship would exist at that time; thus, the award would not be for services previously rendered. However, the Attorney General viewed the compen-

---

9. Act of June 24, 1931, P.L. 1206, *as amended,* 53     P.S. §§ 56563—59155.

sation as being part of the contractual agreement on the date that the award became effective, which was while the police officer was still employed, and not as a post-mortem additional benefit "awarded" at the time the benefits would be paid.

The Attorney General, therefore, did not conclude that Act 111 gives municipalities the authority to grant "extra compensation" in violation of Section 26. Rather, he found that there was no "extra compensation" granted under those circumstances.

Similarly, Attorney General Opinion No. 15 (1974) provides absolutely no support for the contention of the Police. In that opinion, the Attorney General concluded that the granting of a retroactive pay increase in a collective bargaining agreement, where no prior agreement had been reached on the amount of compensation due, is not a violation of Article 3, Section 26. Again, the opinion does not discuss any authority given by Act 111 to local municipalities to provide "extra compensation" prior to the termination of a collective bargaining agreement. Although the Attorney General decided that Section 26 was not violated in that case because no agreement had been reached regarding compensation, in the present matter the Borough and the Police had already concluded the amount of compensation that was to be paid under the CBA.

Accordingly, because the Borough and the Police had reached an agreement regarding compensation, Common Pleas correctly concluded that the Borough violated Article 3, Section 26, by passing resolutions that granted "extra compensation" while the collective bargaining agreement was still in effect.

Order affirmed.

### ORDER

NOW, August 20, 1997, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

LEADBETTER, J., concurs in the result only.