**BOROUGH OF HANOVER, Appellant**

v.

**HANOVER BOROUGH POLICE OFFICERS ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued March 29, 2004.

Decided May 4, 2004.

Reargument Denied June 30, 2004.

John L. Senft, York, for appellant.

Sean T. Welby, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

The Borough of Hanover (Borough) appeals the order of the Court of Common Pleas of York County (trial court) denying the Borough's Petition for Review of Arbitration Award. The Borough petitioned the trial court to vacate that portion[1] of the Arbitration Award giving post-retirement health insurance to present employ-

---

1. Paragraph 6, Award of the Board of Arbitration, Reproduced Record, 7a (R.R. ——).

ees of the Hanover Borough Police Department (Police Department).

This action arises out of collective bargaining negotiations between the Borough and the Hanover Borough Police Officers Association (POA), the bargaining representative for all non-managerial police officers employed by the Borough. Having reached an impasse with respect to negotiations for a successor contract to the collective bargaining agreement expiring on December 31, 2002, the parties submitted the matter to binding interest arbitration pursuant to the Act of June 24, 1968, P.L. 237, No. 111, *as amended,* 43 P.S. §§ 217.1–217.10 (Act 111). The arbitrators awarded, *inter alia,* post-retirement health insurance to present employees of the Police Department. The Borough appealed, and on August 8, 2003, the trial court upheld the arbitrators. The Borough then appealed to this Court.

On appeal, the Borough raises three issues. The Borough asserts that (1) the Arbitration Panel exceeded its scope of authority under Act 111 in awarding medical benefits to retirees; (2) that the award of post-retirement medical benefits requires the Borough to take action prohibited by The Borough Code;[2] and (3) that the award violates Article III, Section 26 of the Pennsylvania Constitution.[3]

Each issue raised by the Borough has been addressed by this Court in prior cases and resolved in favor of the POA. A review of this precedent is, therefore, appropriate.

In *Township of Tinicum v. Fife,* 95 Pa. Cmwlth. 516, 505 A.2d 1116 (1986), this Court considered a challenge to an arbitration award providing health insurance benefits to police officers that would continue post-retirement. We rejected the township's contention that retired officers are not "employees" within the meaning of Section 1502 of the First Class Township Code,[4] reasoning that to exclude retired officers from the statutory term, "employees, or any class or classes thereof," would be unreasonable and inconsistent with the manifest intent of the legislature. *Township of Tinicum,* 505 A.2d at 1120. We also held that Article III, Section 26 of the Pennsylvania Constitution did not prohibit the award of these benefits because they constitute "deferred compensation for services actually rendered in the past, thus reflecting contractual rights." *Id.* at 1119 (citations omitted). *Township of Tinicum* established that "employees" include retired employees and that post-retirement health insurance is a form of deferred compensation that is constitutional.

In *Borough of Elizabethtown v. Elizabethtown Non–Supervisory Police Negotiating Committee,* 719 A.2d 1144 (Pa. Cmwlth.1998), the borough sought to vacate that portion of an arbitration award that granted police officers health insurance benefits that would continue post-retirement. Although *Borough of Elizabethtown* considered a different statute, *i.e.,* The Borough Code, we found *Township of Tinicum* to be compelling precedent. In *Borough of Elizabethtown,* the borough argued that the arbitrators exceeded their authority because post-retirement medical benefits violated Section 1202(37) of The Borough Code, which states, in pertinent part, that a borough may

**2.** Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 45101–48501.

**3.** Art. III, § 26 of The Pennsylvania Constitution prohibits the payment of additional compensation to a public employee after the services of that employee have been rendered.

**4.** Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56563.

... make contracts of insurance with any insurance company, association or exchange, authorized to transact business in the Commonwealth, insuring *borough employes,* or mayor and council, *or any class, or classes thereof,* or their dependents, under a policy or policies of insurance covering life, health, hospitalization, medical and surgical service and/or accident insurance ...

53 P.S. § 46202(37) (emphasis added). We explained that given the similarity between the language of Section 1502 of The First Class Township Code,[5] 53 P.S. § 56563, and Section 1202(37) of The Borough Code,

> it would be illogical to interpret the legislature's use of the same phrase in two highly similar sections, albeit in two different Acts, to yield different results.

*Borough of Elizabethtown,* 719 A.2d at 1147. Thus, we held that "retirees" are a class of "employees" within the meaning of The Borough Code and that the arbitrators did not exceed their authority under Act 111. *Borough of Elizabethtown* was not appealed to the Supreme Court, and it is controlling on the issue of the authority of arbitrators.

The Borough acknowledges that *Borough of Elizabethtown* supports the trial court's decision not to vacate the arbitration award here. However, it asserts that *Borough of Elizabethtown* was wrongly decided and should be reversed in order to resolve what the Borough identifies as an inherent conflict with the Supreme Court's decisions in *Lower Merion Fraternal Order of Police Lodge No. Twenty–Eight v. Township of Lower Merion,* 511 Pa. 186, 512 A.2d 612 (1986) and *City of Washington v. Police Department of City of Washington,* 436 Pa. 168, 259 A.2d 437 (1969).

We do not agree that any such conflict exists.

In *Lower Merion,* the Supreme Court considered whether the arbitrators exceeded their authority by *eliminating* post-retirement medical benefits under The First Class Township Code, 53 P.S. § 56523, which authorizes the first class township to provide medical benefits to "township employees or any class or classes thereof." In *Lower Merion,* the Supreme Court was equally divided on the issue of the arbitrators' authority. Accordingly, this Court's decision holding that retirees were a "class" of employee was affirmed.

In *City of Washington,* the Supreme Court reviewed the issue of whether an arbitration panel could properly award hospitalization benefits to families of employees. The Supreme Court established the principle that a public employer cannot be ordered by arbitrators to do unlawful acts. It reasoned as follows:

> Public employers are in many respects more limited in what they do vis-à-vis their employees, and those limitations must be maintained. The essence of our decision is that *an arbitration award may only require a public employer to do that which it could do voluntarily.*

*Id.* at 177, 259 A.2d at 442 (emphasis added). The Supreme Court concluded that the City of Washington could not comply with the arbitrators' award of health insurance benefits to *families* of police officers. This is because the statute applicable to cities of the third class authorized the City of Washington to enter contracts of insurance insuring only employees. Here, by contrast, the arbitrators have ordered the Borough to provide benefits of a type spe-

---

**5.** The phrase "employe or any classes thereof" in Section 1502 of The First Class Town- ship Code includes retired police officers.

cifically found appropriate by this Court in *Township of Tinicum* and *Borough of Elizabethtown.* Accordingly, the Borough has been ordered to do only that which it can do voluntarily.

In sum, *Lower Merion Township* and *City of Washington* do not conflict with the later decision of *Borough of Elizabethtown.* Even so, neither case, separately or together, requires that we vacate the arbitrator's award here because the Borough has not been ordered to do an illegal act.

Finally, since the filing of the present appeal, the Supreme Court affirmed this Court's decision in *Fairview Township v. Fairview Township Police Association,* 795 A.2d 463 (Pa.Cmwlth.2002), *affirmed,* 576 Pa. 226, 839 A.2d 183 (2003) (per curiam), in which this Court addressed the issue of whether second class townships may provide post-retirement medical benefits under The Second Class Township Code.[6] We explained that

> this Court has previously reviewed other enabling statutes authorizing the municipalities to provide medical benefits to "employes or any class or classes thereof" and consistently held that the arbitrators did not exceed their power by mandating the municipalities to provide postretirement medical benefits to policemen and firemen. *See Borough of Elizabethtown v. Elizabethtown Non–Supervisory Police Negotiating Committee* . . . involving Section 1202(37) of the Borough Code . . . *Township of Tinicum v. Fife* . . . construing Section

1502 of The First Class Township Code. . . .

*Fairview Township,* 795 A.2d at 469 (citations omitted). Thus, we held that Section 1512(d) of The Second Class Township Code, 53 P.S. § 66512(d), permits second class townships to provide health insurance to police officers after their retirement as a form of deferred compensation.

The issues in this case are indistinguishable from those in *Borough of Elizabethtown, Township of Tinicum* and *Fairview Township.* There is no basis for revisiting these issues and no basis for reversal of the trial court. The Borough's real concern is that The Borough Code does not prohibit the payment of deferred compensation in the form of post-retirement health insurance.[7] The Borough's remedy lies with the legislature and not with this Court.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 4th day of May, 2004, the order of the Court of Common Pleas of York County dated August 8, 2003 in the above-captioned matter is hereby affirmed.

---

**6.** Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701.

**7.** We are mindful that health insurance is an item of intense negotiations between public employers and their employees. Public employers seek to share the ever-escalating costs of such coverage with employees through premium participation, co-payments and higher deductibles. The promise of post-retirement health insurance is fraught with fiscal and even political uncertainty as government-sponsored universal health insurance remains a possibility. However, these uncertainties need a legislative response. The elimination of post-retirement health insurance coverage from the package of benefits to be negotiated voluntarily cannot be done by judicial fiat.